David M. Lilienstein, SBN 218923
david@dllawgroup.com
Katie J. Spielman, SBN 252209
katie@dllawgroup.com
**DL LAW GROUP**
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 678-5050
Facsimile: (415) 358-8484

Attorneys for Plaintiff,
KEVIN KAMKAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KAMKAR,<br><br>           Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA LIFE INSURANCE COMPANY OF NEW YORK; and DOES 1 through 10,<br><br>           Defendant. | Case No.<br><br>**COMPLAINT FOR: BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA); ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Kevin Kamkar ("Plaintiff" or "Mr. Kamkar"), herein sets forth the allegations of this Complaint against Defendants LIFE INSURANCE COMPANY OF NORTH AMERICA; CIGNA LIFE INSURANCE COMPANY OF NEW YORK; and DOES 1 through 10.

### PRELIMINARY ALLEGATIONS

### JURISDICTION

1. Plaintiff brings this action for relief pursuant to Section 502 (a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132 (a)(1)(B). This Court has subject

matter jurisdiction over Plaintiff's claim pursuant to ERISA Section 502 (e) and (f), 29 U.S.C. Section 1132 (e) and (f) as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. Section 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan named as a Defendant.  Plaintiff seeks relief, including but not limited to: past disability benefits in the correct amount related to Defendant's improper denial of Plaintiff's long-term disability claim, reformation of the long-term disability plan at issue herein to conform with the minimum standards of California law, prejudgment and post-judgment interest, and attorneys' fees and costs.

**VENUE**

2. At all times relevant, Plaintiff was a resident of California and may be found in the County of Alameda.

3. At all times relevant, Defendants may be found in the Bay Area of California, including but not limited to the County of San Francisco, therefore venue is proper under 29 U.S.C. §1132(e)

4. This action may be assigned to the San Francisco Division pursuant to Local Rule 3-2.

**PARTIES**

5. At all relevant times, Plaintiff participated in an employee welfare benefit plan ("the Plan") within the meaning of ERISA Section 3(1), 29 U.S.C. Section 1002(1), sponsored by Plaintiff's employer, Wholesale Harvest Baking, LLC dba Bimbo Bakeries USA ("Bimbo"), overseen by and administered by Defendant, Life Insurance Company of North America ("LINA").

6. At all relevant times, CIGNA LIFE INSURANCE COMPANY OF NEW YORK ("CIGNA") was and is a corporation engaged in the business of insurance in California.

7. At all relevant times, LINA was and is a corporation engaged in the business of insurance in California.

8. At all relevant times, LINA was and is wholly owned subsidiary of Defendant CIGNA.

9. At all relevant times, the Plan offered, *inter alia,* long term disability benefits to employees, including Plaintiff. This action involves long term disability claims made and denied by the Defendants.

**FACTS**

10. At all relevant times, Mr. Kamkar was a participant in The Life Insurance Company of North America Group Long Term Disability Plan ("the Plan").

11. Mr. Kamkar is a former Regional Engineering & Maintenance Manager at Bimbo Bakeries USA (BBU).

12. Plaintiff has an extensive history of medical conditions that leave him permanently totally disabled. Plaintiff has suffered from 4 massive heart attacks that required coronary artery bypass surgery, Trans Aortic Valve Replacements, over 10 replacement stents placed in his heart.

13. At all relevant times, Mr. Kamkar suffers from severe chest pains, dizziness, irregular heartbeats, high blood sugar, and severe acid reflux.  He is bed ridden and often requires a ventilator.

14. All of Mr. Kamkar's treating providers rendered Mr. Kamkar totally disabled.

15. Because of his disabling conditions and the restrictions and limitations related hereto, Mr. Kamkar was no longer able to work.  Mr. Kamkar applied for short-term disability benefits.

16. LINA, by and through CIGNA, denied Mr. Kamkar's short-term disability claim.

17. Mr. Kamkar appealed CIGNA's denial. After further review, CIGNA approved Mr. Kamkar's short-term disability claim.

18. After exhausting his short-term disability benefits, Mr. Kamkar applied for long-term disability benefits.

19. CIGNA initially approved Plaintiff's claim for long term disability benefits.

20. CIGNA's treating physicians acknowledged that Mr. Kamkar's conditions rendered him disabled and unable to work.

21. Months later, despite no change in Mr. Kamkar's disabling conditions, CIGNA denied Mr. Kamkar's long-term disability benefits and stopped paying all benefits.

22. Plaintiff appealed CIGNA's denial. CIGNA denied Plaintiff's appeal, opining that Plaintiff was able to perform "sedentary" work. This is in total opposition to the opinions of Plaintiff's and CIGNA's physicians.

23. Plaintiff made a second appeal as to CIGNA's denial Mr. Kamkar's long-term disability claim. CIGNA denied Mr. Kamkar's second appeal.

24. Plaintiff has exhausted all administrative remedies regarding the denial of his long-term disability benefits.

## CLAIM FOR RELIEF

**(Against all Defendants, For Plan Benefits, Enforcement and Clarification of Rights, Prejudgment and Postjudgment Interest, and Attorney's Fees and Costs, Pursuant to (ERISA Section 502 (a)(1)(B), 29 U.S.C. Section 1132 (a)(1)(B))**

25. Plaintiff incorporates Paragraphs 1 through 23 as thoroughly set forth herein.

26. ERISA Section 502 (a)(1)(B), 29 U.S.C.A. Section 1132 (a)(1)(B) permits a plan participant to bring a civil action to recover benefits due under the terms of the plan and to enforce Plaintiff's rights under the terms of a plan.

27. At all relevant times, Plaintiff has been totally disabled under the terms and conditions of the Plan at issue herein.

28. By denying Plaintiff's long-term disability claim, Defendants have violated, and continue to violate, the terms of the Plan, the terms of ERISA, and Plaintiff's rights thereunder.

29. The provisions of an ERISA plan should be construed so as to render none nugatory and to avoid illusory promises.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

30. Declare that Defendant, and or each of them, violated the terms of the Plan by declining to provide Plaintiff with long term disability benefits;

31. Order Defendant, and or each of them, to pay Plaintiff long-term disability benefits due, together with prejudgment interest on each and every such benefit payment through the date judgment at the rate of 9% compounded;

32. Order statutory penalties available under 29 U.S.C. §1132(c)(1);

33. Award Plaintiff reasonable attorney's fees and costs of suit incurred herein pursuant to ERISA Section 502(g), 29 U.S.C. Section 1132(g);

34. Provide such other relief as the Court deems equitable and just.

Dated: November 19, 2020

Respectfully submitted,

**DL LAW GROUP**

By: /s/ David M. Lilienstein
David M. Lilienstein
Katie J. Spielman
Attorneys for Plaintiff, Kevin Kamkar